IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GREG BRENDEL,<br><br>Plaintiff,<br><br>VS.<br><br>SCOTT MEYROWITZ, et al.,<br><br>Defendants. | §<br>§<br>§<br>§ Civil Action No. 3:15-CV-1928-D<br>§<br>§<br>§<br>§<br>§ |

MEMORANDUM OPINION
AND ORDER

Intervenor's motion for summary judgment presents the question whether, under Texas law, funds held *in custodia legis* are subject to levy under a writ of execution. Concluding that they are not, the court denies the motion.

I

Because this case is the subject of four prior memorandum opinions and orders—*see, e.g., Brendel v. Meyrowitz*, 2017 WL 1178244, at *1 (N.D. Tex. Mar. 30, 2017) (Fitzwater, J.) ("*Brendel IV*")—the court will recount only the background facts and procedural history that are pertinent to this decision.

This is a removed action by plaintiff Greg Brendel ("Brendel") against defendants Scott Meyrowitz ("Scott"), Mary Meyrowitz ("Mary"), and SSB International, LLC ("SSB") seeking to recover the sum of $250,000 that Brendel transferred to Scott in connection with an investment in precious stones. Before the suit was removed to this court, Brendel obtained a state court injunction requiring Scottrade, the holder of an account in the name of

Scott's wife Mary, to deposit the sum of $250,000 into the state court registry (the "Registry Funds").

After the case was removed, the claims against Scott and SSB were referred to arbitration, and Brendel was awarded the sum of $1,018,254.22 against Scott and SSB. The Arbitration Award provides:

> The funds held in Registry of the Court in Dallas shall be immediately turned over to Claimant (with any interest which may have accrued under the Court procedures) and shall forever belong to Claimant free of any claim by Respondents. Once that $250,000 is turned over to Claimant, Respondents shall receive a credit for that amount against the total they owe to Claimant hereunder. Thus, the total Respondents jointly and severally owe Claimant is $1,018,254.22 and the Registry funds are $250,000 (with no interest), so after Claimant receives the $250,000, Respondents remaining joint and several obligation to Claimant is $768,254.22.

Arbitration Award ¶ 8. This court later confirmed the Arbitration Award and entered judgment on the award in favor of Brendel. The claims in this lawsuit against Mary remain pending.

In *Brendel IV* the court granted intervenor Sarah Pappas ("Pappas") leave to intervene for the purpose of determining her rights in the Registry Funds. Pappas had obtained a default judgment against Scott and Mary in Superior Court, Maricopa County, Arizona based on Pappas' transfer of a $650,000 loan to Scott for the purpose of purchasing a diamond. The default judgment awarded Pappas total damages of $2,759,946.94. Pappas domesticated the judgment in Texas and effected service of two writs of execution on the Dallas County District Clerk. Pappas now moves for summary judgment and asks the court

to enter judgment awarding her the Registry Funds. Brendel opposes the motion.

II

Because Pappas will have the burden of proof on her claim at trial, to be entitled to summary judgment, she "must establish 'beyond peradventure all of the essential elements of the claim[.]'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex.1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). "This means that [Pappas] must demonstrate that there are no genuine and material fact disputes and that [she] is entitled to summary judgment as a matter of law." *GoForIt Entm't, LLC v. DigiMedia.com L.P.*, 750 F.Supp.2d 712, 722 (N.D. Tex. Oct. 25, 2010) (Fitzwater, C.J.) (citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

III

Pappas maintains that the levy of the writs of execution on the Dallas County District Clerk perfected a judicial lien on the Registry Funds that is superior to any interest of Brendel. Brendel responds that Pappas could not levy on funds that are held by the state court *in custodia legis*, or in the custody or keeping of the law.

The court holds that Pappas cannot establish a lien on the Registry Funds through delivery of the writs of execution. Under Texas law, "[t]he levy of a writ of execution

perfects the judgment creditor's judicial lien on that property and establishes the lien's priority among competing claims[.]" 9 William V. Dorsaneo III, *Texas Litigation Guide* § 132.03 (2018) (citing *Texas Employers' Ins. Ass'n v. Engelke*, 790 S.W.2d 93, 95 (Tex. App. 1990, no writ)). "Thus, a judicial lien . . . is created on the defendant's nonexempt personal property when the writ of execution is levied on the property by an appropriate officer[.]" 9 Dorsaneo, *Texas Litigation Guide* § 132.03 (citing *Herndon v. Cocke*, 138 S.W.2d 298, 300 (Tex. Civ. App. 1940, no writ)). In this case, Pappas' attorney delivered two writs of execution to the Dallas County Constable, the levying officer. The levying officer then served the two writs of execution on the Dallas County District Clerk.

But "[a] lien of execution may attach only to property that is subject to execution and only to such interest in the property as exists in the judgment debtor." 34 Rachel Kane & Mary Ellen West, *Tex. Jur. 3d Enforcement of Judgments* § 63 (2018). Property *in custodia legis* is considered exempt and is not subject to levy under writs of execution. 9 Dorsaneo, *Texas Litigation Guide* § 132.11 (citing *First S. Props., Inc. v. Vallone*, 533 S.W.2d 339, 341-343 (Tex. 1976)); *Gonzales v. Daniel*, 854 S.W.2d 253, 256 (Tex. App. 1993, no pet.)). "Property is held *in custodia legis*, or 'in the custody or keeping of the law,' when an arm or instrumentality of the court holds possession of the property on behalf of the court." *See Gonzales*, 854 S.W.2d at 256 (citing *Vallone*, 533 S.W.2d at 343).

Here, the $250,000 in Registry Funds on which Pappas sought to levy was being held *in custodia legis* under the state court's order. Following removal, a federal court treats everything that occurred in the state court as if it had taken place in federal court. *See, e.g.,*

*Vernon Sav. Ass'n, FSA v. Commerce Sav. & Loan Ass'n*, 677 F. Supp. 495, 498 (N.D. Tex. 1988) (Fitzwater, J.). Accordingly, the state court's order remains in effect until this court modifies or abrogates it, which it has not done, or until a final judgment is entered. *See Brendel v. Meyrowitz*, 2016 WL 1721312, at *4 (N.D. Tex. Apr. 29, 2016) (Fitzwater, J.) ("*Brendel II*"); Temp. Inj. Order ¶ 10. A final judgment within the meaning of the state court's order has not been entered because Brendel's action against Mary remains pending. Because the state court's order remains in force, the Registry Funds remain *in custodia legis*, and a judicial lien did not attach through Pappas' delivery of the writs of execution.[1]

Pappas also maintains that the doctrine of *in custodia legis* is not intended to protect the rights of parties claiming an interest in funds. *See Keathley v. J.J. Inv. Co.*, 2015 WL 3918446, at *3 (Tex. App. June 26, 2015, no pet.) (mem. op.) ("courts do not allow a judgment debtor to use [*in custodia legis*] to protect funds or property from levy by writ of execution or garnishment"). She posits that the purpose of insulating funds held *in custodia legis* is comity between courts, and because such a purpose is no longer served here, the Registry Funds are subject to levy. *See id.* ("The purpose of this doctrine is to protect the jurisdiction of the court first exercising power over the property and to avoid conflicts with other courts having concurrent jurisdiction."). Pappas proffers no argument, however, that

---

[1]Pappas relies on *Engelke* and *Herndon* for the proposition that a judgment creditor can perfect a judicial lien by causing a writ of execution to be issued. These cases do not dictate the outcome in this case. In both *Engelke* and *Herndon* a lien could properly attach because the property levied was not *in custodia legis*. Here, however, the Registry Funds are exempt from execution.

comity of courts is not at issue,[2] nor does she offer evidence that the sole purpose of applying *in custodia legis* here is to shield the Registry Funds from levy. She merely states that "[a]ny doctrine prohibiting perfection of judicial liens on the Registry Funds was no longer served when Pappas perfected hers." Intervenor Reply 7. Such a conclusory assertion does not suffice to show "beyond peradventure" that the doctrine of *in custodia legis* does not apply to the Registry Funds in this case.

The court thus holds that Pappas has not carried her heavy burden to establish beyond peradventure that she holds a lien that entitles her to the Registry Funds as a matter of law.[3]

\* \* \*

Accordingly, the court denies Pappas' motion for summary judgment.

**SO ORDERED**.

March 8, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[2] For example, a court often holds funds *in custodia legis* "to preserve the court's jurisdiction over it pending resolution of some dispute as to its rightful owner." 9 Dorsaneo, *Texas Litigation Guide* § 132.11. In this case, the dispute has not been fully resolved, because the claims against Mary are still pending. Pappas has not shown that there is no longer a need to preserve jurisdiction over the Registry Funds.

[3] Because the court holds that Pappas has not established "beyond peradventure" that she has a lien that has attached to the Registry Funds, it does not reach her argument that Brendel did not properly attach the Registry Funds. It also does not address her argument that Brendel cannot establish a constructive trust on the Registry Funds because he cannot show that the Registry Funds are traceable to his initial investment.