IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GREG BRENDEL, §
 §
        Plaintiff, §
 § Civil Action No. 3:15-CV-1928-D
VS. §
 §
SCOTT MEYROWITZ, et al., §
 §
        Defendants. §

MEMORANDUM OPINION
AND ORDER

In this removed action arising from an investment in precious stones, plaintiff Greg Brendel ("Brendel") moves for partial summary judgment on his claim for conversion against defendant Mary Meyrowitz ("Mary"). For the reasons explained, the court grants the motion and enters judgment on liability for Brendel's conversion claim against Mary.

I

Because this case is the subject of five prior memorandum opinions and orders—*see, e.g., Brendel v. Meyrowitz*, 2018 WL 1210527 (N.D. Tex. Mar. 8, 2018) (Fitzwater, J.) ("*Brendel V*")—the court will recount only the background facts and procedural history that are pertinent to this decision.

This is a removed action by plaintiff Brendel against defendants Scott Meyrowitz ("Scott"), Mary, and SSB International, LLC ("SSB"), seeking to recover funds that Brendel transferred to Scott for investment in a diamond venture. Before Brendel invested, Scott advised Brendel that his investment money would be wired to an SSB account and would

remain in that account until Meyrowitz took possession of investment-quality rough cut diamonds. Brendel then wired $250,000 to a Wells Fargo account controlled by Scott in the name of SSB. A total of $135,000 was transferred from SSB's Wells Fargo account into a personal day-trading account registered in the name of, and owned solely by, Mary.[1] In her deposition, Mary testified that she opened the account in her name only in 2013 and that the account was not used to purchase diamonds. Transfers into Mary's account required her approval by signed wired transfer forms. Scott never delivered any diamonds or proceeds to Brendel in satisfaction of SSB's obligations.

Brendel originally filed this lawsuit in Texas state court. Before the suit was removed to this court, Brendel obtained a state court injunction requiring Scottrade, holder of an account in the name of Scott's wife Mary, to deposit the sum of $250,000 into the state court registry (the "Registry Funds").

After the case was removed, the claims against Scott and SSB were referred to arbitration, and Brendel was awarded the sum of $1,018,254.22 against Scott and SSB. The court later confirmed the Arbitration Award and entered judgment on the award in favor of Brendel. Brendel's entitlement to the Registry Funds[2] and the claims in this lawsuit against

---

[1] Scott withdrew a total of $135,000 from SSB's Wells Fargo checking account and deposited it into Mary's Scottrade Account No. XXXX0609 on two separate occasions: Scott transferred $55,000 on March 12, 2014 and $80,000 on March 25, 2014.

[2] In *Brendel v. Meyrowitz*, 2017 WL 1178244, at *1 (N.D. Tex. Mar. 30, 2017) (Fitzwater, J.), the court granted intervenor Sarah Pappas ("Pappas") leave to intervene for the purpose of determining her rights in the Registry Funds. Pappas had obtained a default judgment against Scott and Mary in Superior Court, Maricopa County, Arizona based on

Mary remain pending.

Brendel now moves for partial summary judgment on his conversion claim against Mary. Mary has not filed a response, and Brendel's motion is now ripe for decision.

II

Because Brendel will have the burden of proof on his claim at trial, to be entitled to summary judgment, he "must establish 'beyond peradventure all of the essential elements of the claim[.]'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). "This means that [Brendel] must demonstrate that there are no genuine and material fact disputes and that [he] is entitled to summary judgment as a matter of law." *GoForIt Entm't, LLC v. DigiMedia.com L.P.*, 750 F.Supp.2d 712, 722 (N.D. Tex. Oct. 25, 2010) (Fitzwater, C.J.) (citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

---

Pappas' transfer of a $650,000 loan to Scott for the purpose of purchasing a diamond. The default judgment awarded Pappas total damages of $2,759,946.94. Pappas domesticated the judgment in Texas and effected service of two writs of execution on the Dallas County District Clerk. Pappas moved for summary judgment and asked the court to enter judgment awarding her the Registry Funds. The court denied her motion for summary judgment because she failed to establish beyond peradventure that she holds a lien that entitles her to the Registry Funds as a matter of law.

III

Under Texas law, to recover for conversion, Brendel must prove: (1) he owned, had legal possession of, or was entitled to possession of the property; (2) Mary assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with his rights; (3) he made a demand for the property; and (4) Mary refused to return the property. *Ojeda v. Wal-Mart Stores, Inc.*, 956 S.W.2d 704, 707 (Tex. App. 1997, pet. denied) (citations omitted). "The demand and refusal elements of conversion are not required if other evidence establishes an act of conversion." *Paschal v. Great W. Drilling, Ltd.*, 215 S.W.3d 437, 457 (Tex. App. 2006, pet. stricken).[3]

"An action for conversion of money will only lie where the money is (1) delivered for safekeeping; (2) intended to be kept segregated; (3) substantially in the form in which it is received or an intact fund; and (4) not the subject of a title claim by its keeper." *Id.* (citing *Newsome v. Charter Bank Colonial*, 940 S.W.2d 157, 161 (Tex. App. 1996, writ denied).

IV

Brendel filed his motion for summary judgment on May 8, 2018. Under N.D. Tex. Civ. R. 7.1(e), Mary's response was due no later than May 29, 2018. Mary has not responded to Brendel's motion. Her failure to respond does not, of course, permit the court

---

[3]The Texas Supreme Court has stated that "demand and refusal are merely evidence of a conversion, and where a conversion by the bailee cannot otherwise be shown than by his refusal to comply with the demand for possession, such a demand and refusal are necessary. But they are not necessary if the other evidence establishes an act of conversion." *Presley v. Cooper*, 284 S.W.2d 138, 141 (1955).

to enter a "default" summary judgment. The court is permitted, however, to accept Brendel's evidence as undisputed. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). "A summary judgment nonmovant who does not respond to the motion is relegated to [her] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion[.]" Fed. R. Civ. P. 56(e)(2).

Brendel has offered evidence that establishes beyond peradventure Mary's liability for conversion. The undisputed facts establish that Brendel owned the $250,000, which he wired to the SSB account with the express purpose of investing in the diamond venture represented by Scott. The undisputed facts also show that the $250,000 investment was specifically identifiable and traceable, and that Mary wrongfully took possession of at least part of the funds when Scott made two transfers totaling $135,000 to Mary's personal Scottrade account. Because this evidence establishes conversion, Brendel need not show the elements of demand and refusal.

The court thus concludes that Brendel has shown beyond peradventure that Mary is liable for conversion under Texas law.

\* \* \*

Accordingly, the court grants Brendel's motion for partial summary judgment and

enters judgment in favor of Brendel establishes Mary's liability on his conversion claim.[4]

**SO ORDERED**.

July 12, 2018.

                                       _____
                                       SIDNEY A. FITZWATER
                                       UNITED STATES DISTRICT JUDGE

---

[4]Because Brendel has not carried his burden to establish beyond peradventure that Mary converted the entirety of his $250,000 investment, the court enters judgment only on the issue of Mary's liability for conversion.